UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DAVID SCHWARTZ,<br><br>    Plaintiff,<br><br>vs.<br><br>FIRST AMERICAN CORPORATION dba FIRST AMERICAN PROPERTY & CASUALTY INSURANCE COMPANY; LAS VEGAS METROPOLITAN POLICE DEPARTMENT; D. ANDERSON, P#6363; C. HALL, P#6060; R. MEYERS, P#8090,<br><br>    Defendants. | 2:09-CV-01151-PMP-RJJ<br><br>**<u>ORDER</u>** |

On September 13, 2010, the Court conducted a hearing regarding the following fully briefed Motions:

1. Defendant Las Vegas Metropolitan Police Department's Motion for Summary Judgment (Doc. #14), filed May 28, 2010;

2. Plaintiff David Schwartz' Motion for Order for FRCP 56(f) Continuance for Plaintiff to Supplement his Response to Defendants' Motion for Summary Judgment (Doc. #22) filed July 7, 2010; and

3. Plaintiff's Emergency Motion to Compel (Doc. #26) filed July 9, 2010.

Plaintiff's claims arise from events surrounding the execution of a search warrant at his residence on February 28, 2008. Plaintiff does not challenge the validity of the search warrant, but contends that the manner in which the search was

conducted resulted in the unnecessary and malicious destruction of Plaintiff's property by the individually named officer Defendants D. Anderson, C. Hall, and R. Meyers.  Plaintiff further contends that Defendant Las Vegas Metropolitan Police Department has refused to return certain property that was seized from Plaintiff's residence notwithstanding the fact that no criminal charges were ever brought against Plaintiff, and the items are of no evidentiary value.

Plaintiff's Complaint, filed originally in the Eighth Judicial District Court, in and for the County of Clark, State of Nevada, alleges that the three individual Defendant Officers violated NRS 199.450 by exceeding their authority in the execution of the search warrant resulting in damage to Plaintiff.  Plaintiff's Third Cause of Action alleges Negligence per se against the three Defendant Officers and Defendant LVMPD for negligent violation of NRS 199.450.  Plaintiff's Fourth Cause of Action alleges a state cause of action for "Waste."  Plaintiff's Fifth Cause of Action alleges Conversion of Plaintiff Schwartz' personal property by Defendant LVMPD.  Plaintiff's Sixth Cause of Action alleges Negligence as to Defendant LVMPD.  Plaintiff's Seventh Cause of Action alleges a Civil Rights Claim against the three named Defendant Officers pursuant to 42 U.S.C. § 1983.  Plaintiff's Eighth Cause of Action alleges Entitlement to Costs and Attorney Fees from the individually named Defendant Officers and Defendant LVMPD under 42 U.S.C. § 1988.  On June 25, 2009, Defendants LVMPD, Anderson, Hall and Meyers removed the state action to this court (Doc. #1).

By their Motion for Summary Judgment, Defendant Officers Anderson, Hall and Meyers contend that Plaintiff cannot establish that the individual Officers violated Plaintiff's constitutional rights, or that any of the rights allegedly violated were clearly established so as to deprive the Officers of qualified immunity.  The Court agrees.

1    Plaintiff has not come forward with evidence that the individually named
2 Officers personally engaged in actions which deprived Plaintiff of property without
3 due process of law.  Nor is there any basis in the record to conclude that the named
4 Defendant Officers have failed to return property seized in violation of Plaintiff's
5 rights under the Fifth Amendment.  As there is no evidence that Defendant Officers
6 Anderson, Hall or Meyers violated clearly established constitutional rights of
7 Plaintiff Schwartz, the Defendant Officers are entitled to qualified immunity.
8    Additionally, although Plaintiff makes no specific claim against Defendant
9 LVMPD under 42 U.S.C. § 1983, even if the Court were to construe Plaintiff's
10 Complaint as alleging a Monell claim against LVMPD as a municipality, Plaintiff
11 has failed to show LVMPD maintained an unconstitutional policy, practice, or
12 custom.  Monell v. Dept. of Social Services, 436 U.S. 658, 690-91 (1978), and City
13 of Oklahoma City v. Tuttle, 471 U.S. 808 (1985).
14    Having found that Plaintiff's federal claims against Defendant Officers
15 Anderson, Hall, Meyers and Defendant LVMPD fail, the Court concludes it is
16 appropriate to grant Defendants' Motion for Summary Judgment as to the federal
17 claims, but to remand the action to Nevada state court with regard to the remaining
18 supplemental state claims.  The record before the Court arguably supports Plaintiff's
19 claim that his personal property may have been unnecessarily and intentionally
20 damaged or destroyed by at least some of the officers executing the search warrant,
21 and also that Plaintiff may have a basis to pursue the return of certain items of
22 property currently in possession of Defendant LVMPD.  The Court concludes the
23 issues presented by Plaintiff's state law claims are better left to resolution before the
24 appropriate state court.
25 / / /
26

**IT IS THEREFORE ORDERED that** Defendant Las Vegas Metropolitan Police Department's Motion for Summary Judgment (Doc. #14) is **GRANTED** to the extent that judgment is hereby entered in favor of Defendants Anderson, Hall, Meyers and LVMPD with regard to Plaintiff's Seventh Cause of Action for violation of 42 U.S.C. § 1983, and Eighth Cause of Action for violation of 42 U.S.C. § 1988.

**IT IS FURTHER ORDERED that** the remainder of this action is remanded to the Eighth Judicial District Court, in and for the County of Clark, State of Nevada, Case No. A583242, for such further proceedings as deemed appropriate by Nevada State District Court.

**IT IS FURTHER ORDERED that** Plaintiff David Schwartz' Motion for Order for FRCP 56(f) Continuance for Plaintiff to Supplement his Response to Defendants' Motion for Summary Judgment (Doc. #22) and Emergency Motion to Compel (Doc. #26) are **DENIED**.

DATED: September 16, 2010.

_____
PHILIP M. PRO
United States District Judge